FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

11 JUN 21 AM 10:58

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| **WARD, AUGUSTUS** *Plaintiff* | )<br>)<br>) |
| vs | )<br>) Civil Action Number: 3:11-CV-362-H<br>)<br>) |
| **SANDRA DICKENS**, and **JACK DICKENS** *Defendants* | )<br>)<br>)<br>) |

### COMPLAINT AND DEMAND FOR JURY TRIAL
### VIOLATION UNDER THE FAIR HOUSING ACT 42 U.S.C. § 3601, et. seq

**1.**

### NATURE OF ACTION

This is a civil action brought by the 'Plaintiff' pursuant to the *'Fair Housing Act'*, as amended, *42 U.S.C. § 3601, et. seq.* the 'Defendants' violated the *'Fair Housing Act'*, by discriminating against the 'Plaintiff because of his disability and retaliating against him for exercising his right under the *'Fair Housing Act'*, the 'Plaintiff' states the following:

**2.**

### JURISDICTION AND VENUE

The Court has jurisdiction over this action pursuant to *28 U.S.C. § 1331, 42 U.S.C. § 3612, and 28 U.S.C. § 1367.*

**3.**

Venue is proper in this District under *28 U.S.C. § 1391(b),* in that the events giving rise to this action occurred in the judicial district.

## 4.

## PARTIES

The 'Plaintiff' (*Radcliff, Kentucky*) and 'Defendants' (*Elizabethtown, Kentucky*) are residents of Hardin County.

## 5.

## FACTUAL ALLEGATIONS

The 'Plaintiff' rents and lives in a house owed by the 'Defendants' located in Radcliff Kentucky. The 'Defendants' denied the 'Plaintiff' reasonable accommodation for his disability.

## 6.

The 'Plaintiff' is a disabled individual who suffers from a number of medical conditions, including, *Scoliosis*, *Lordosis*, and *Spondylosis*. The 'Plaintiff' is a disabled person as defined by *42 U.S.C. §3602(h)* of the Act. The 'Plaintiff' is limited in his ability to walk for long period of times.

## MEDICAL CONDITIONS

a. **SCOLIOSIS**

*Scoliosis is a medical condition in which a person's spine is curved from side to side. Although it is a complex three-dimensional deformity, on an X-ray, viewed from the rear, the spine of an individual with scoliosis may look more like an "S" or a "C" than a straight line. Scoliosis is typically classified as either congenital (caused by vertebral anomalies present at birth), idiopathic (cause unknown, subclassified as infantile, juvenile, adolescent, or adult, according to when onset occurred), or neuromuscular (having developed as a secondary symptom of another condition, such as spina bifida, cerebral palsy, spinal muscular atrophy, or physical trauma). This condition affects approximately 7 million people in the United States.*

b. **LORDOSIS**

*Lordosis is a medical term used to describe an inward curvature of a portion of the vertebral column.[1] Two segments of the vertebral column, namely cervical and lumbar, are normally lordotic, that is, they are set in a curve that has its convexity anteriorly (the front) and concavity posteriorly (behind), in the context of human anatomy. When referring to the anatomy of other mammals, the direction of the curve is termed*

*ventral. Curvature in the opposite direction, that is, apex posteriorly (humans) or dorsally (mammals) is termed kyphosis.*

c. **SPONDYLOSIS**

*Spondylosis is a term referring to degenerative osteoarthritis of the joints between the centra of the spinal vertebrae and/or neural foraminae. In this condition the facet joints are not involved. If severe, it may cause pressure on nerve roots with subsequent sensory and/or motor disturbances, such as pain, paresthesia, or muscle weakness in the limbs.*

**7.**

The 'Plaintiff' was denied a reasonable accommodation/request for his disability, the 'Plaintiff' had requested that the 'Defendants' allow a ramp to be installed at the property the 'Plaintiff' rents at the expense of the 'Plaintiff'. The 'Defendants' stated that the 'Plaintiff' signed a lease and the lease states the 'Plaintiff' is not allowed to alter the property in any way. The 'Defendants' stated to the 'Plaintiff' if any modifications are made the 'Plaintiff' will be evicted from the property and the 'Plaintiff' will for fit his security deposit.

*It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 of this title. 42 U.S.C. §3617; see also 24 C.F.R. §100.400.*

**8.**

The 'Plaintiff' also requested that he be allowed to pay his rent within the first week of each month, money the 'Plaintiff' has coming in does not come in on the first of each month, therefore the rent would be late (*between 1-7 days*), the 'Defendants' denied the 'Plaintiff' reasonable accommodation request. The 'Plaintiff' was told that rent was due on the first and every day past the first there would be a late charge for each day.

*See: The Secretary, United States, Department of Housing and Urban Development, vs. Nicole Morbach, Benchmark Management, Corporation, Fairway Trails Limited, L.P., and Benchmark Michigan Properties, Inc. HUD ALJ No. FHEO No. 05-05-0775-8.*

**9.**

The 'Plaintiff' also made a reasonable accommodation/request by asking the 'Defendants' to alter the lease; therefore the 'Plaintiff' was not responsible for taking care of the lawn at the property. This reasonable accommodation request was denied.

**10.**

The 'Defendants' has made several *verbal abusive remarks* to the 'Plaintiff' by stating that before the house was rented to the Plaintiff, the Plaintiff' should have told the Defendants about his Disability.

**11.**

**JURY TRIAL DEMANDED**

The Plaintiff requests a trial by jury for all issues.

**12.**

**RELIEF**

**WHEREFORE** the Plaintiff requests the following relief;

1. Demand that the Defendants allow the reasonable accommodation/request and allow the Plaintiff to install a ramp at the house.

2. Demand that the Defendants allow the reasonable accommodation/request and allow the Plaintiff to pay the rent after the first of the month and not have to pay late fees.

3. Demand that the Defendants allow the reasonable accommodation/request and alter the lease releasing the Plaintiff from taking care of the lawn

4. Declares that the discriminatory housing practices of the Defendants, as set forth above, violate the Fair Housing Act, as amended, *42 U.S.C. §3601, et seq.*

5. Awards such damages as will fully compensate the Plaintiff, an aggrieved person, for his damages caused by the Defendants discriminatory conduct pursuant to *42 U.S.C. §§3604(f)(1) and 3617.*

6. Awards a civil penalty against the Defendants for each violation of the Act committed pursuant to *42 U.S.C. §3612(g)(3).*

7. The Plaintiff further prays for additional relief as may be appropriate under *42 U.S.C. §3612(g)(3)*.

The Plaintiff declares under the *penalties* of *perjury* that this complaint is true and correct to his belief.

Respectfully Submitted by,

*Augustus Ward*    6-17-11
WARD, AUGUSTUS    Dated
859 Deanna Court
Radcliff, Kentucky 40160
270-495-9050



Ward, Augustus
859 Deanna Ct
Radcliff, KY 40160

LOUISVILLE KY 402
20 JUN 2011 PM 4 T

FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

'11 JUN 21 AM 10:54

United States District Court
Western District of Kentucky
601 W. Broadway Rm. 106
Gene Snyder United States Courthouse
Louisville, KY 40202

4020232249

Complaint