UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-362-H

AUGUSTUS WARD                                                                                        PLAINTIFF

v.

SANDRA DICKENS *et al.*                                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment and for declaratory judgment by Defendants (DN 22). Plaintiff filed a response (DN 26), and the motion is ripe for decision.[1] Upon review, for the reasons set forth below, the Court will grant Defendants' motion for summary judgment, deny their motion for declaratory relief, and dismiss the action.

**A.    Motion for summary judgment**

**I.**

Plaintiff sues Defendants under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.* In the unsworn complaint, he alleges that Defendants discriminated against him because of his disability and retaliated against him for exercising his rights under the FHA. Plaintiff rented a house owned by Defendants. He alleges that he suffers from a number of medical conditions, including scoliosis, lordosis, and spondylosis, and that he is a disabled person as defined by § 3602(h) in that he is limited in his ability to walk for long periods of time.

---

[1] The Court notes that there is a pending discovery motion filed by Plaintiff. The Court has reviewed the motion and finds the discovery requested by Plaintiff is not necessary for the resolution of the motion for summary judgment. Plaintiff's motion will therefore be denied as moot.

Plaintiff alleges that Defendants denied him a reasonable accommodation for his disability. He states that he requested that Defendants allow a ramp to be installed at the property at his own expense. Plaintiff states that Defendants told him that he signed a lease stating that he is not allowed to alter the property in any way and that if any modifications were made he would be evicted and he would forfeit his security deposit.

Plaintiff alleges that he also requested an accommodation to be allowed to pay his rent within the first week of each month because "money the 'Plaintiff' has coming in does not come in on the first of each month, therefore the rent would be late (between 1-7 days)." Plaintiff states that Defendants denied this request. He states that he was told that rent was due on the first and there would be a late charge for each day the rent was paid after the first. Plaintiff alleges that he also made a request for a reasonable accommodation by asking Defendants to alter the lease so that he would not be responsible for taking care of the lawn at the property. This request was also denied. He also alleges that Defendants made several "verbal abusive remarks" to Plaintiff "by stating that before the house was rented to the Plaintiff, the Plaintiff should have told the Defendants about his Disability."

In their motion for summary judgment, Defendants state that Plaintiff's lease term began on March 2, 2011. Under the lease, the monthly rent of $725.00 was due on the first day of each month and there was a late fee of $10.00 per day for payment made after the first day of the month. Plaintiff paid the rent for March along with a security deposit. However, Plaintiff failed to pay the April rent on April 1, 2011. Defendants attach the affidavit of Defendant Sandra Dickens stating that Plaintiff paid the rent for April on April 30 and refused to pay the late fees saying that it was his bank's fault. The affidavit also states that Plaintiff failed to pay the rent for

May, June, July, and August 2011.  They also attach an eviction notice mailed to Plaintiff on May 25, 2011, stating that the eviction was due to non-payment of rent and that the rent was in arrearage on that date in the amount of $895.00.  Defendant Sandra Dickens's affidavit also states that Defendants were not going to pay for the ramp because Plaintiff had not paid his rent.

In Plaintiff's unsworn response to the motion for summary judgment, Plaintiff states, "Rent has been paid every month the Plaintiff has lived there."  He states that Defendants and their attorney have made inconsistent statements about the months Plaintiff did not pay rent.  However, Plaintiff does not attach any evidence to demonstrate that he paid the rent.  He also states that Defendants have not complied with the Discovery Plan, that he was not permitted to cross-examine Defendant Sandra Dickens when she made her affidavit, and that he was not given adequate time for discovery.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof.  *Id.*  Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof.  *Id*.  If the nonmoving party will bear the burden at trial on a dispositive

3

issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks and citation omitted). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

### III.

Plaintiff alleges that Defendants denied him reasonable accommodations to his disability in the form of allowing a ramp to be built, accepting his rent late, and modifying the lease to not require him to maintain the lawn and that Defendants retaliated against him. The portion of the FHA relevant to Plaintiff's reasonable accommodation claims provides as follows:

> For purposes of this subsection, discrimination includes--
>   (A) a refusal to permit, at the expense of the
>   handicapped person, reasonable modifications of
>   existing premises occupied or to be occupied by

> such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.[or]
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

42 U.S.C. § 3604(f)(3). The FHA also prohibits retaliation against any person for his or her exercise of FHA rights. *See* 42 U.S.C. § 3617.

In considering discrimination claims under the FHA, the Court examines the issues under the three-part, burden-of-proof-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Id*. at 802. If the plaintiff establishes the elements of his prima facie case, a mandatory presumption of unlawful discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the housing decision. *Id.*; *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634 (6th Cir. 2000). If the defendant establishes a legitimate reason for its actions, the burden shifts back to the plaintiff to "demonstrate by a preponderance of the evidence that the legitimate reason offered by the defendant was not its true reason, but instead was a pretext designed to mask retaliation." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008); *see also Selden v. United States Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 160 (6th Cir. 1986).

Courts also examine retaliation claims under the *McDonnell Douglas* burden-shifting framework, as well. *Lindsay v. Yates*, 578 F.3d 407, 415 (6th Cir. 2009).

To state a prima face case of discrimination under the FHA, a plaintiff must show the following: (1) plaintiff is a member of a protected class; (2) plaintiff applied for and was qualified to rent or purchase certain property or housing; (3) plaintiff was rejected; and (4) the housing or rental property remained available thereafter. *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996).[2]

Assuming Plaintiff could satisfy the elements of stating a prima facie case of discrimination, Defendants have demonstrated a legitimate, non-discriminatory reason for denying Plaintiff's requests for reasonable accommodations. Defendants submit the affidavit of Defendant Sandra Dickens which states that Plaintiff had not paid the rent for May, June, July, or August 2011. Plaintiff's failure to pay rent provides Defendants with a legitimate, non-discriminatory reason for denying Plaintiff his request for accommodations of his disability and for any allegedly retaliatory conduct. *Haber v. ASN 50th St. LLC*, No. 10 Civ. 3536 (VM), 2012 U.S. Dist. LEXIS 34363, at *19 (S.D.N.Y. Mar. 7, 2012) (granting summary judgment on FHA claim on grounds that the "need to collect delinquent rent provides Defendants with a legitimate, non-discriminatory justification" for evicting plaintiff); *Gueye v. Tower*, 1:09-cv-385, 2011 U.S. Dist. LEXIS 49987, at *10 (S.D. Ohio May 5, 2011) (granting summary judgment based in part

---

[2]At least one district court has found that a plaintiff's failure to pay rent negates a prima facie case of discrimination because he cannot meet the second criterion, that he was qualified to rent the property, if he cannot demonstrate that he paid the rent. *See Hobson v. HSC Real Estate, Inc.*, No. C09-361RSM, 2011 U.S. Dist. LEXIS 24587, at *34 (W.D. Wash. Mar. 10, 2011). Plaintiff offers no evidence that he paid rent at the relevant time. Moreover, he offers no evidence that he could afford to pay for the cost of building the ramp.

on finding that failure to pay rent was legitimate, non-discriminatory reason for eviction);

*McCree v. Lexington Vill. Apts. & Amurcon Corp.*, No. 08-14185, 2010 U.S. Dist. LEXIS 22873, at *20 (E.D. Mich. Mar. 11, 2010) (same); *see also Wells v. Ali*, 304 F. App'x 292, 296 (5th Cir. 2008) (per curiam).

To preclude summary judgment, Plaintiff must show that Defendants' proffered reason is a pretext that masks discrimination. *Selden*, 785 F.2d at 160. Plaintiff must "identify evidence from which a reasonable jury could conclude that the proffered reason is actually pretext for unlawful discrimination." *Lindsay,* 578 F.3d at 415 (citing *Blair v. Henry Filters, Inc.,* 505 F.3d 517, 524 (6th Cir. 2007); *Mencer*, 228 F.3d at 634). Plaintiff states in his unsworn response to the motion for summary judgment that he paid the rent. However, Plaintiff has not provided any evidence demonstrating that he paid the rent. Nor has he produced any other evidence that a discriminatory purpose was a motivating factor in his rejection, a necessary element of the claim. *See Smith & Lee Assocs. v. City of Taylor*, 102 F.3d 781, 790 (6th Cir. 1996).

Plaintiff contends that the motion for summary judgment is premature and that he did not have enough time to conduct discovery. Summary judgment may be entered without additional time for discovery when "further discovery would not have changed the legal and factual deficiencies we have already noted in the [plaintiff's] claims." *Maki v. Laakko*, 88 F.2d 361, 367 (6th Cir. 1996). The Court finds that discovery was not necessary for Plaintiff to proffer evidence that he paid his rent, which is information that he would have in his own possession. Moreover, Plaintiff argues in his response that he was not permitted to cross-examine Defendant Sandra Dickens. A party may support a motion for summary judgment by affidavit. Fed. R. Civ.

P. 56(c)(1)(A).  Moreover, the affidavit can be submitted without a cross-examination of the affiant.  Fed. R. Civ. P. 56(c)(4).

Finding that Plaintiff has failed to meet his burden of showing that Defendants' proffered legitimate, nondiscriminatory reason for the alleged denial of reasonable accommodations and alleged retaliation was a pretext, this Court finds that Plaintiff has failed to meet his burden on an essential element of his case.  *Celotex*, 477 U.S. at 323.  Therefore, Plaintiff's claims fail as a matter of law.

## IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (DN 22) is **SUSTAINED.**  By separate Order, the Court will direct the Clerk to enter summary judgment in favor of Defendants.

Defendants' remaining counterclaims against Plaintiff are state-law contract and common law claims.  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law counterclaims.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, Defendants' state-law counterclaims against Plaintiff will be dismissed without prejudice.

**B.     Motion for declaratory judgment**

Defendants also state that Plaintiff has filed a number of frivolous or non-meritorious lawsuits and move for declaratory judgment in the form of prohibiting Plaintiff from filing

another lawsuit without first seeking the Court's approval. Plaintiff responds that Defendants have misled the Court about other lawsuits he filed.

When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811.

Upon review, the Court finds that imposing filing restrictions on Plaintiff is not warranted at this time. In so doing, the Court makes no judgment concerning the parties' characterizations of Plaintiff's other lawsuits. Accordingly, **IT IS ORDERED** that Defendants' motion for declaratory judgment (DN 22) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
       Counsel of Record
4412.010